UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:19-CR-00136-1-WLC-DCP |
| | ) | |
| AMBER LYNN TULL, a/k/a AMBER LYNN TULL-SHARP | ) ) ) ) | |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on October 26, 2020. At the hearing, Mrs. Tull-Sharp was present by video teleconference, as was her attorney, Mr. John Barnes.

**I.   Plea Hearing**

Mrs. Tull-Sharp moved to withdraw her not guilty plea to Counts One, Two, and Six of the Indictment and entered a plea of guilty to each of the charged offenses contained in those counts. With regard to Count One of the Indictment, Mrs. Tull-Sharp is charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. As it concerns Count Two of the Indictment, Mrs. Tull-Sharp is charged with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5). Last, Count Six of the Indictment charges Mrs. Tull-Sharp with possession of stolen mail, in violation of 18 U.S.C. § 1708. Mrs. Tull-Sharp has expressed her desire to change her plea of not guilty to a plea of guilty, in exchange for the undertakings made by the government in the written plea agreement.

1

On the basis of the record made at the hearing, I find that Mrs. Tull-Sharp is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by Mrs. Tull-Sharp; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; Mrs. Tull-Sharp understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Therefore, in light of the agreement of the parties and the reasons stated by counsel on the record I **RECOMMEND** that the Court find that the plea hearing in this case could not be further delayed without serious harm to the interests of justice. Second, and as the text of this report and recommendation reflects, I **RECOMMEND** that the record in this matter be updated to reflect that the Defendant was married in 2018, subsequently changing her legal name to Amber Lynn Tull-Sharp. I further **RECOMMEND** that Mrs. Tull-Sharp's motion to withdraw her not guilty plea to Counts One, Two, and Six of the Indictment be granted. I **RECOMMEND** that her plea of guilty to the offense in Count One of the Indictment, that is, of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, be accepted. I **RECOMMEND** that her guilty plea to the offense in Count Two of the Indictment, that is, of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5), be accepted. I **RECOMMEND** that her plea of guilty to the offense in Count Six of the Indictment, that is, of possession of stolen mail, in violation of 18 U.S.C. § 1708, be accepted. I **RECOMMEND** that the Court adjudicate defendant guilty of the charged offenses contained in Counts One, Two, and Six of the Indictment, that is, of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349;

aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5); and possession of stolen mail, in violation of 18 U.S.C. § 1708, and a decision on whether to accept the plea agreement be deferred until sentencing. I further **RECOMMEND** that the defendant remain on supervised release pending sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are specifically reserved for the district judge.

_____
C. Clifford Shirley,
United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen (14) days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).